11-1880-cr
United States v. Suri

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, at 500 Pearl Street, in the City of New York, on the 27th day of February, two thousand twelve.

Present:    ROBERT A. KATZMANN,
            DENNY CHIN,
            SUSAN L. CARNEY,
                        *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

                        *Appellee*,

            - v -                        No. 11-1880-cr

BILL SURI,

                        *Defendant-Appellant.*

_____

For Defendant-Appellant:        ANDREW G. PATEL, New York, N.Y. (Daniel S. Nooter, Washington, D.C., *on the brief*)

For Appellee:        CAROLINA A. FORNOS (Justin Anderson, *on the brief*), Assistant United States Attorneys, *of counsel, for* Preet Bharara, United States Attorney for the Southern District of New York, New York, N.Y.

Appeal from the United States District Court for the Southern District of New York (Stein, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Bill Suri ("Suri") appeals from an April 18, 2011 judgment of the United States District Court for the Southern District of New York (Stein, *J.*), following a jury trial convened in May 2010, after which the jury returned a verdict of guilty on one count of conspiracy to commit bank fraud, in violation of 18 U.S.C. § 1349, and one count of bank fraud, in violation of 18 U.S.C. § 1344. On November 19, 2010, Suri moved to vacate the jury's verdict, asserting that he was not competent to have stood trial because his personality disorder prevented him from consulting with counsel to assist in his defense.[1] In support of his motion, Suri submitted a psychiatric evaluation by Dr. Alan M. Goldstein ("Goldstein"), concluding that Suri had an Axis II Narcissistic Personality Disorder that impaired his ability to aid in his defense (the "Goldstein Report"). Specifically, Goldstein opined that Suri's "ability to arrive at informed, rational decisions regarding the handling of his case is significantly impaired" and that he was "unable to consult [trial counsel] in a focused, realistic manner . . . in planning trial strategy and arrive at informed decisions about how to proceed with his case." App. 48. The government opposed Suri's motion, relying principally on a sworn affidavit submitted by Suri's trial counsel, Stewart Orden ("Orden" and the "Orden Affidavit"), and an evaluation of Suri prepared by Dr. Stuart B. Kleinman ("Kleinman" and the "Kleinman Report"). Following an evidentiary hearing, the district court denied Suri's motion in an oral decision delivered on

---

[1]Suri's post-trial motion also raised a claim for ineffective assistance of counsel. On March 18, 2011, the district court denied this claim and Suri does not raise it on appeal.

2

March 18, 2011.  We assume the parties' familiarity with the remaining underlying facts and procedural history of this case.

A district court's determination that a defendant is competent to stand trial following a competency hearing is factual and therefore reviewed only for clear error.  *See United States v. Morrison*, 153 F.3d 34, 46 (2d Cir. 1998).  "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  *Zervos v. Verizon N.Y., Inc.*, 252 F.3d 163, 168 (2d Cir. 2001) (internal citations omitted).

The standard for determining whether a defendant is competent to stand trial is well settled.  "The defendant must have (1) 'sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding' and (2) 'a rational as well as factual understanding of the proceedings against him.'"  *United States v. Nichols*, 56 F.3d 403, 410 (2d Cir. 1995) (quoting *Dusky v. United States*, 362 U.S. 402, 402 (1960) (per curiam)); *see also* 18 U.S.C. § 4241(a) (providing for competency hearings).  A district court's determination of competency is made on the basis of a preponderance of the evidence.  *Morrison*, 153 F.3d at 46.  In making this determination, the district court may properly rely on a number of factors, including medical opinions and the district court's "observation of the defendant's comportment."  *Nichols*, 56 F.3d at 411.

On appeal, Suri makes three arguments.  First, he contends that the district court materially misconstrued Goldstein's hearing testimony.  This argument lacks merit.  For instance, Suri avers that the district court's decision suggests an erroneous view that "Goldstein did not believe Mr. Suri suffer[ed] from any mental disorder" and that Goldstein viewed Suri as

3

a "typical, uncooperative client." Def. Br. 27, 30. The record, however, shows that the district court understood that Goldstein diagnosed Suri with a narcissistic personality disorder that caused him to make poor judgments. Having fairly recognized Goldstein's conclusions, the district court committed no error by rejecting them on the basis that they were not supported by the evidence.[2]

Second, Suri asserts that the district court failed to account for evidence submitted by the defense demonstrating that Suri's relationship with Orden was "fundamentally dysfunctional." *Id*. 1. Specifically, Suri maintains that the district court did not adequately consider whether his decision to proceed to trial and then to testify at trial reflected "Suri's utter inability to comprehend the futility of his case." *Id*. 33. This argument is also unavailing. As a factual matter, it is clear that the district court considered whether Suri's trial decisions were the products of a mental disorder or more commonplace stubbornness. Quoting from the Kleinman Report, the district court reasonably concluded that it was the latter, explaining that "Suri's trial-related behavior including self-defeatingly deciding to testify and testifying, as he did, did not emanate from a psychotic mental state," but rather, Suri "overestimated his ability to persuade a jury to regard his actions as he wished." App. 242 (internal quotation marks omitted). "Moreover, as the district court observed, the Orden Affidavit showed that Suri was 'intelligent and motivated and actively participating and knowledgeable in his defense.'" App. 237

---

[2] We are also unpersuaded by Suri's argument that the district court misconstrued Goldstein's testimony when it observed that Goldstein had declined to administer the MacArthur Competency Assessment Tool and the Evaluating Competency to Stand Trial test. The district court referenced these tests when making the broader point that no objective tests supported finding Suri incompetent. In this context, the district court properly observed that Goldstein chose not to give Suri these additional tests because Goldstein recognized that Suri would perform "perfectly well" on them. App. 245.

Finally, Suri asserts that the district court committed error by placing significant weight on the fact that his disorder was classified under Axis II rather than Axis I of the DSM-IV-TR. We do not agree. If the district court's decision hinged on whether Suri's disorder fell under Axis I or II, the court's analysis could have ended with the observation that both Kleinman and Goldstein found that Suri suffered only from an Axis II disorder. Instead, the district court properly identified the salient question to be whether Suri's personality disorder "deprived him of the ability to consult with his lawyer with a reasonable degree of rational understanding," App. 235, and not whether Suri suffered from an Axis I disorder. Finally, insofar as Axis I disorders are recognized as more serious than Axis II disorders, the district court cannot be faulted for taking this factor into account.

We have considered Suri's remaining arguments and find them to be without merit. Accordingly, for the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

5